UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHAWN MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-CV-329 JD |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Shawn Moore, a *pro se* prisoner, filed a habeas corpus petition challenging ISO 17-03-010, a prison disciplinary proceeding held at the Indiana State Prison on March 21, 2017, where a disciplinary hearing officer found him guilty of use/possession of a controlled substance in violation of B-202. As a result, he was sanctioned with a loss of commissary privileges, 11 days in disciplinary segregation, the loss of 30 days earned credit time. ECF 1 at p. 1; ECF 1-1 at p. 5, However, he did not lose any earned credit time as a result of this hearing because the sanction was suspended and has not yet been imposed. Id.

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, the suspended sentence was not imposed, and so the disciplinary action has not increased his duration of confinement. Because there was no increase in the length of confinement, Moore cannot receive relief based on this habeas corpus claim. Because there is no relief that he can obtain in this habeas corpus proceeding, the petition will be denied. If in the future this suspended sanction is imposed, then he may file another habeas corpus petition challenging it.

For the reasons set forth above, the court **DENIES** the petition pursuant to SECTION 2254 HABEAS CORPUS RULE 4 and this case is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED.

ENTERED: May 3, 2017

      /s/ JON E. DEGUILIO
Judge
United States District Court